**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-6631**

_____

CLINTON D. COX,

                 Petitioner - Appellant,

      v.

DAVID R. WILSON, Warden,

               Respondent - Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:16-cv-00073-JPB)

_____

Submitted: September 20, 2018            Decided: October 15, 2018

_____

Before GREGORY, Chief Judge, DIAZ and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Clinton D. Cox, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinton D. Cox, a federal prisoner, filed a 28 U.S.C. § 2241 (2012) petition, arguing that, after *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior state drug conviction could no longer support enhanced penalties for his federal drug convictions. *See* 21 U.S.C. §§ 841(b), 851 (2012). The district court adopted the magistrate judge's recommendation and dismissed for lack of jurisdiction, concluding that Cox's sentencing claim was not cognizable under § 2241 based on our decision in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). Cox moved to reopen the petition after we decided *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). The district court denied that motion, and Cox appealed. Finding no reversible error, we affirm.

In *Wheeler*, we held that a federal prisoner may challenge his sentence in a § 2241 proceeding when, among other requirements, there has been a change in substantive law that is retroactively applicable on collateral review. *Id.* at 429. But "*Mathis* did not announce a new, retroactively applicable rule." *Dimott v. United States*, 881 F.3d 232, 237 (1st Cir.), *cert. denied*, 138 S. Ct. 2678 (2018); *see Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case.").

Accordingly, we grant Cox leave to proceed in forma pauperis and affirm the district court's order declining to reopen Cox's § 2241 petition based on *Wheeler*.[*] *Cox*

---

[*] In its order, the court addressed an unrelated claim by a defendant other than Cox. We conclude that this error was harmless, however, because the court ultimately determined that *Wheeler* did not change the outcome of Cox's case, thereby addressing the issue Cox raised in his motion.

2

*v. Wilson*, No. 2:16-cv-00073-JPB (N.D.W. Va. May 21, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*